MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANA ROXANA PORTILLO CHACON,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

CCK CLEANERS INC. (D/B/A
VALUCLEAN CLEANERS), YECHIAL
KALLER, CHANIE KALLER, BENJAMIN
KALLER, and ELVIS ALEJANDRO
SANTANDER,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Ana Roxana Portillo Chacon ("Plaintiff Portillo" or "Ms. Portillo"), individually

and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates, P.C., upon her knowledge and belief, and as against CCK Cleaners Inc. (d/b/a

Valuclean Cleaners), ("Defendant Corporation"), Yechial Kaller, Chanie Kaller, Benjamin Kaller,

and Elvis Alejandro Santander, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

**NATURE OF ACTION**

1.     Plaintiff Portillo is a former employee of Defendants CCK Cleaners Inc. (d/b/a

Valuclean Cleaners), Yechial Kaller, Chanie Kaller, Benjamin Kaller, and Elvis Alejandro

Santander.

2.      Defendants own, operate, or control a drycleaner, located at 401 W Route 59 Monsey, NY 10952 under the name "Valuclean Cleaners".

3.      Upon information and belief, individual Defendants Yechial Kaller, Chanie Kaller, Benjamin Kaller, and Elvis Alejandro Santander, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Portillo was employed as an ironer at the laundry service located at 401 W Route 59 Monsey, NY 10952.

5.      At all times relevant to this Complaint, Plaintiff Portillo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to pay Plaintiff Portillo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Portillo wages on a timely basis.

8.      In addition, Defendants made improper deductions from Plaintiff Portillo's wages; specifically, they deducted time from her wages for meal breaks that she did not take.

9.      Defendants' conduct extended beyond Plaintiff Portillo to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Portillo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Portillo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Portillo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Portillo's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a drycleaner located in this district. Further, Plaintiff Portillo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Ana Roxana Portillo Chacon ("Plaintiff Portillo" or "Ms. Portillo") is an adult individual residing in Rockland County, New York.

16.    Plaintiff Portillo was employed by Defendants at Valuclean Cleaners from approximately March 2014 until on or about December 7, 2018.

17.     Plaintiff Portillo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a drycleaner, located at 401 W Route 59 Monsey, NY 10952 under the name "Valuclean Cleaners".

19.     Upon information and belief, CCK Cleaners Inc. (d/b/a Valuclean Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 401 W Route 59 Monsey, NY 10952.

20.     Defendant Yechial Kaller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yechial Kaller is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yechial Kaller possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Portillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Chanie Kaller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chanie Kaller is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Chanie Kaller possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Portillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Benjamin Kaller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Benjamin Kaller is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Benjamin Kaller possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Portillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Elvis Alejandro Santander is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elvis Alejandro Santander is sued individually in his capacity as a manager of Defendant Corporation. Defendant Elvis Alejandro Santander possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Portillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate a drycleaner located in a town in Ramapo, Rockland County, New York.

25.    Individual Defendants, Yechial Kaller, Chanie Kaller, Benjamin Kaller, and Elvis Alejandro Santander, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.    Each Defendant possessed substantial control over Plaintiff Portillo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Portillo, and all similarly situated individuals, referred to herein.

28.    Defendants jointly employed Plaintiff Portillo (and all similarly situated employees) and are Plaintiff Portillo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.    In the alternative, Defendants constitute a single employer of Plaintiff Portillo and/or similarly situated individuals.

30.    Upon information and belief, Individual Defendants Yechial Kaller, Chanie Kaller, and Benjamin Kaller operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)   transferring assets and debts freely as between all Defendants,

    d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)   intermingling assets and debts of their own with Defendant Corporation,

    g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

31.   At all relevant times, Defendants were Plaintiff Portillo's employers within the meaning of the FLSA and New York Labor Law.

32.   Defendants had the power to hire and fire Plaintiff Portillo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Portillo's services.

33.   In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

35.   Plaintiff Portillo is a former employee of Defendants who was employed as an ironer.

36.     Plaintiff Portillo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ana Roxana Portillo Chacon*

37.     Plaintiff Portillo was employed by Defendants from approximately March 2014 until on or about December 7, 2018.

38.     Defendants employed Plaintiff Portillo as an ironer.

39.     Plaintiff Portillo regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

40.     Plaintiff Portillo's work duties required neither discretion nor independent judgment.

41.     Throughout her employment with Defendants, Plaintiff Portillo regularly worked in excess of 40 hours per week.

42.     From approximately March 2014 until on or about May 2018, Plaintiff Portillo worked from approximately 4:00 a.m. until on or about 10:00 p.m., 6 days a week, three weeks per month and from approximately 2:00 p.m. until on or about 3:00 a.m., 6 days a week, one week per month (typically 78 to 108 hours per week).

43.     From approximately June 2018 until on or about November 2018, Plaintiff Portillo worked from approximately 5:00 a.m. until on or about 7:00 p.m., 5 days a week (typically 70 hours per week).

44.     From approximately November 2018 until on or about December 7, 2018, Plaintiff Portillo worked from approximately 7:00 a.m. until on or about 6:00 p.m., 6 days a week (typically 66 hours per week).

45.     Throughout her employment, Defendants paid Plaintiff Portillo her wages by direct deposit.

46. From approximately March 2014 until on or about December 2014, Defendants paid Plaintiff Portillo $8.00 per hour.

47. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Portillo $8.75 per hour.

48. From approximately January 2016 until on or about June 2018, Defendants paid Plaintiff Portillo $10.00 per hour.

49. From approximately July 2018 until on or about August 2018, Defendants paid Plaintiff Portillo $11.00 per hour.

50. From approximately September 2018 until on or about December 7, 2018, Defendants paid Plaintiff Portillo $12.50 per hour.

51. Plaintiff Portillo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

52. For example, Defendants required Plaintiff Portillo to work an additional 10 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

53. Defendants never granted Plaintiff Portillo any breaks or meal periods of any kind.

54. Although Plaintiff Portillo was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Portillo was not compensated for all of the hours that she worked.

55. Defendants required Plaintiff Portillo to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

56. Defendants required Plaintiff Portillo to sign a document, the contents of which she was not allowed to review in detail, when she started being paid $12.50 per hour.

57.     Defendants took improper and illegal deductions from Plaintiff Portillo's wages; specifically, Defendants deducted 30 minutes every day from Plaintiff Portillo's weekly wages for meal breaks they never allowed her to take.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Portillo regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Portillo an accurate statement of wages, as required by NYLL 195(3).

60.     In fact, Defendants adjusted Plaintiff Portillo's paystubs so that they reflected inaccurate wages and hours worked.

61.     Defendants did not give any notice to Plaintiff Portillo, in English and in Spanish (Plaintiff Portillo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Portillo (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

63.     Plaintiff Portillo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

64.     Defendants' pay practices resulted in Plaintiff Portillo not receiving payment for all her hours worked, and resulted in Plaintiff Portillo's effective rate of pay falling below the required minimum wage rate.

65.     Defendants habitually required Plaintiff Portillo to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

66.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Portillo worked. Specifically, Defendants took improper and illegal deductions from Plaintiff Portillo's weekly wages for meal breaks they did not allow her to take. Furthermore, the time-tracking machine was always broken and Defendant Elvis (the manager) would punch in and out for her. On some other occasions, Defendants required Plaintiff Portillo to record fewer hours than actually worked. As a result, Plaintiff Portillo was not compensated for all of the hours that she worked.

67.     Defendants required Plaintiff Portillo to sign a document the contents of which she was not allowed to review in detail.

68.     Defendants paid Plaintiff Portillo her wages by direct deposit.

69.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Portillo (and similarly situated individuals) worked, and to avoid paying Plaintiff Portillo properly for her full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Portillo and other similarly situated former workers.

73.     Defendants failed to provide Plaintiff  Portillo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Portillo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiff Portillo brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.     At all relevant times, Plaintiff Portillo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, as required under the FLSA.

77.     The claims of Plaintiff Portillo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.     Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Portillo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Portillo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Portillo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Portillo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Portillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.     Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Portillo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Portillo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Portillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.     Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Portillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Portillo, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Portillo less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Portillo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Portillo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

94.      Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Portillo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Portillo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Portillo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

98.      Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants failed to provide Plaintiff Portillo with a written notice, in English and in Spanish (Plaintiff Portillo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Portillo in the amount of $5,000, together with costs and attorneys' fees.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

101.     Plaintiff Portillo repeats and realleges all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Portillo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Portillo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

104.    Plaintiff Portillo repeats and realleges all paragraphs above as though set forth fully herein.

105.    At all relevant times, Defendants were Plaintiff Portillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

106.    Defendants made unlawful deductions from Plaintiff Portillo's wages; specifically, Defendants deducted 30 minutes every day from Plaintiff Portillo's weekly wages.

107.    The deductions made from Plaintiff Portillo's wages were not authorized or required by law.

108.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Portillo's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations

109.    Plaintiff Portillo was damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.    Plaintiff Portillo repeats and realleges all paragraphs above as though set forth fully herein.

(g)     Awarding Plaintiff Portillo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Portillo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Portillo;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Portillo's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Portillo;

(l)     Awarding Plaintiff Portillo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Portillo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Portillo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Portillo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Portillo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Portillo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        January 17, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

- 20 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 11, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Ana Roxana Portillo Chacon

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      11 de diciembre 2018

*Certified as a minority-owned business in the State of New York*