**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA ROXANA PORTILLO CHACON, *individually and on behalf of himself and others similarly situated*, | Case No. **7:19-CV-00485-KMK** |
| Plaintiff, | |
| -against- | **ANSWER** |
| CCK CLEANERS INC., (d/b/a VALUCLEAN CLEANERS), YECHIAL KALLER, CHANIE KALLER, BENJAMIN KALLER, and ELVIS ALEJANDRO SANTANDER, | |
| Defendants. | |

Defendants CCK Cleaners Inc. d/b/a ValuClean Cleaners ("ValuClean"), and Yechial Kaller, Chanie Kaller, Benjamin Kaller and Elvis Alejandro Santander (collectively with ValuClean as the "Defendants"), by their undersigned counsel, Greenwald Doherty LLP, state the following as their Answer to the Complaint of Plaintiff Ana Roxana Portillo Chacon ("Plaintiff") filed on January 17, 2019 (the "Complaint"):

## NATURE OF THE ACTION

1.      Defendants deny the allegations as stated in Paragraph 1 of the Complaint, except admit that from on or about July 11, 2014 through on or about December 7, 2018, Plaintiff was an employee of Defendant ValuClean.

2.      Defendants deny the allegations as stated in Paragraph 2 of the Complaint except admit only that CCK Cleaners Inc. is a corporation organized and existing under the laws of the State of New York, doing business as ValuClean, having its principal place of business located at 401 W. Route 59, Suite 15, Monsey, New York, 10952.

3.      Defendants deny the allegations as stated in Paragraph 3 of the Complaint, except admit that  Defendant Yechial Kaller is the sole owner/principal of ValuClean, by which Defendants Elvis Alejandro Santander, Chanie Kaller and Benjamin Kaller are employed.

4.      Defendants deny the allegations as stated in Paragraph 4 of the Complaint, except admit that from July 11, 2014 through December 7, 2018, Plaintiff was employed by ValuClean as a "dry cleaning presser."

5.      Defendants deny the allegations as stated in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations as stated in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations as stated in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations as stated in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations as stated in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations as stated in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint is a statement of Plaintiff's legal claims to which no response is required.  To the extent this Paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     Defendants admit that Plaintiffs have invoked the jurisdiction of the Court pursuant to the statutes referenced in Paragraph 13 of the Complaint.  To the extent this paragraph contains any factual allegations, Defendants deny each and every fctual allegation contained therein.

14.     Defendants admit that venue of this matter is proper.  To the extent Paragraph 6 of the Complaint contains any factual allegations, Defendants deny each and every factual allegation contained therein.

## PARTIES

*Plaintiff*

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations as stated in Paragraph 16 of the Complaint, except admit that Plaintiff was employed by ValuClean from on or about July 11, 2014 through December 7, 2018.

17.     Paragraph 17 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 17 of the Complaint.

*Defendants*

18.     Defendants deny the allegations as stated in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations as stated in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations as stated in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations as stated in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations as stated in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations as stated in Paragraph 23 of the Complaint.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants deny the allegations as stated in Paragraph 24 of the Complaint, except admit that ValuClean is a dry cleaner located in Rockland County, New York, owned by Defendant Yechial Kaller.

25.     Defendants deny the allegations as stated in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations as stated in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations as stated in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations as stated in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations as stated in Paragraph 30 of the Complaint.

30.     Defendants deny the allegations as stated in Paragraph 31 of the Complaint, and all of its subparts.

31.     Defendants deny the allegations as stated in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations as stated in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations as stated in Paragraph 33 of the Complaint, except admit that in each year from 2014 to 2018, ValuClean had gross sales in excess of $500,000.

34.     Defendants deny the allegations as stated in Paragraph 34 of the Complaint.

*Individual Plaintiff*

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint, except admit only that from July 11, 2014 through December 7, 2018, Plaintiff was employed by ValuClean as a "dry cleaning presser."

36.     Paragraph 36 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 36 of the Complaint.

*Plaintiff Ana Roxana Portillo Chacon*

37.     Defendants deny the allegations as stated in Paragraph 37 of the Complaint, except admit that Plaintiff was employed by ValuClean from on or about July 11, 2014 through December 7, 2018.

38.     Defendants deny the allegations as stated in Paragraph 38 of the Complaint, except admit that Plaintiff was employed by ValuClean as a "dry cleaning presser."

39.     Defendants deny the allegations as stated in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations as stated in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations as stated in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations as stated in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations as stated in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations as stated in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations as stated in Paragraph 45 of the Complaint, except that Defendants admit that ValuClean paid Plaintiff by direct deposit.

46.     Defendants deny the allegations as stated in Paragraph 46 of the Complaint, except admit that from on or about Plaintiff's date of hire through on or about December 30, 2014, Plaintiff was paid an hourly wage of $8.00 by ValuClean.

47.     Defendants deny the allegations as stated in Paragraph 47 of the Complaint, except admit that from on or about January 1, 2015 through December 31, 2015, Plaintiff was paid an hourly wage of $8.75 by ValuClean.

48.     Defendants deny the allegations as stated in Paragraph 48 of the Complaint, except admit thatfrom on or about January 1, 2016 through August 4, 2017, Plaintiff was paid an hourly wage of $10.00 by ValuClean.

49.     Defendants deny the allegations as stated in Paragraph 49 of the Complaint, except admit that from on or about August 5, 2017 through August 31, 2018, Plaintiff was paid an hourly wage of $11.00 by ValuClean.

50.     Defendants deny the allegations as stated in Paragraph 50 of the Complaint, except admit that from on or about September 1, 2018 through the last date of Plaintiff's employment, Plaintiff was paid an hourly wage of $12.50 by ValuClean.

51.     Defendants deny the allegations as stated in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations as stated in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations as stated in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations as stated in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations as stated in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations as stated in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations as stated in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations as stated in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations as stated in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations as stated in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations as stated in Paragraph 61 of the Complaint.

*Defendants' General Employment Practices*

62.     Defendants deny the allegations as stated in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations as stated in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations as stated in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations as stated in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations as stated in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations as stated in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations as stated in Paragraph 45 of the Complaint, except that Defendants admit that ValuClean paid Plaintiff by direct deposit.

69.     Defendants deny the allegations as stated in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations as stated in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations as stated in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations as stated in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations as stated in Paragraph 73 of the Complaint.

74.      Defendants deny the allegations as stated in Paragraph 74 of the Complaint.

## **FLSA COLLECTIVE ACTION CLAIMS**

75.     Paragraph 75 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations as stated in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations as stated in Paragraph 77 of the Complaint.

## **FIRST CAUSE OF ACTION**
## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

78.     Defendants repeat and restate each and every response set forth in Paragraphs 1 through 77 of the Answer, as though fully set forth herein.

79.     Defendants deny the allegations as stated in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations as stated in Paragraph 80 of the Complaint.

81.     The allegations set forth herein assert legal conclusions and contain purported statements of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations as stated in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations as stated in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations as stated in Paragraph 84 of the Complaint.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

85.     Defendants repeat and restate each and every response set forth in Paragraphs 1 through 84 of the Answer, as though fully set forth herein.

86.     Defendants deny the allegations as stated in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations as stated in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations as stated in Paragraph 88 of the Complaint.

<u>THIRD CAUSE OF ACTION</u>
**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

89.     Defendants repeat and restate each and every response set forth in Paragraphs 1 through 88 of the Answer, as though fully set forth herein.

90.     The allegations set forth herein assert legal conclusions and contain purported statements of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations as stated in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations as stated in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations as stated in Paragraph 93 of the Complaint.

<u>FOURTH CAUSE OF ACTION</u>
**VIOLATION OF THE OVERTIME PROVISIONS
OF THE NEW YORK STATE LABOR LAW**

94.     Defendants repeat and restate each and every response set forth in Paragraphs 1 through 93 of the Answer, as though fully set forth herein.

8

95.     Defendants deny the allegations as stated in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations as stated in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations as stated in Paragraph 97 of the Complaint.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

98.     Defendants repeat and restate each and every response set forth in Paragraphs 1 through 97 of the Answer, as though fully set forth herein.

99.     Defendants deny the allegations as stated in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations as stated in Paragraph 100 of the Complaint.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

101.    Defendants repeat and restate each and every response set forth in Paragraphs 1 through 100 of the Answer, as though fully set forth herein.

102.    Defendants deny the allegations as stated in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations as stated in Paragraph 103 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**
**OF THE NEW YORK LABOR LAW**

104.    Defendants repeat and restate each and every response set forth in Paragraphs 1 through 103 of the Answer, as though fully set forth herein.

105.    The allegations set forth herein assert legal conclusions and contain purported statements of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations as stated in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations as stated in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations as stated in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations as stated in Paragraph 109 of the Complaint.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

110.    Defendants repeat and restate each and every response set forth in Paragraphs 1 through 109 of the Answer, as though fully set forth herein. [1]

---

[1] A review of Plaintiff's Complaint suggests that Plaintiff omitted Page 18 of the Complaint. Page 19 of the Complaint appears to start with subparagraph (g) of Plaintiff's Prayer for Relief, to which no response is required. As such, Defendants interpose its Affirmative Defenses and Prayer for Relief at this point in the Answer. To the extent Plaintiff avers Defendants violated the timely payment provisions of the NYLL, Defendants deny any and all wrongdoing or violation, though no facts are set forth in support of the Eight Cause of Action. Moreover, to the extent the unidentified "WHEREFORE" subparagraphs (g) through (r) assert any allegations of fact, each allegation is denied in its entirety.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses, which they have designated collectively as "affirmative defenses."  Defendants' designation of their defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of Plaintiff's causes of action.

### First Affirmative Defense

The Complaint and each claim purported to be alleged therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

To the extent Plaintiff's and alleged putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or wards should offset, in whole or in part, any award they receive here for the same injury.

### Third Affirmative Defense

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, and/or avoidable consequences.

### Fourth Affirmative Defense

The relief that Plaintiff seeks in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to obtain such relief.

### Fifth Affirmative Defense

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### Sixth Affirmative Defense

With respect to some or all of the claims brought or allegedly brought by Plaintiff on behalf of herself and/or on behalf of any alleged putative collective, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

### Seventh Affirmative Defense

Plaintiff cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia*, she is not similarly situated to members of the purported collective.

### Eighth Affirmative Defense

Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C.§§ 201 *et seq.*, state and local law, and all of their implementing regulations (collectively "Applicable Law").

### Ninth Affirmative Defense

Plaintiff may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff or any alleged member of any purported collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### Tenth Affirmative Defense

To the extent Plaintiff and/or the putative collective action members have signed a release

and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to her claims herein, their claims are barred by that release, waiver or agreement.

### Eleventh Affirmative Defense

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under state law.

### Twelfth Affirmative Defense

The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

### Thirteenth Affirmative Defense

There is no causal relation between the alleged acts of Defendants and any injury or damage allegedly suffered by Plaintiff and/or the alleged putative collective action members.

### Fourteenth Affirmative Defense

All affirmative defenses under the New York Wage Theft Prevention Act, including but not limited to the fact that Plaintiff was paid properly and completely for all wages due.

### Fifteenth Affirmative Defense

Plaintiff's claims for damages are barred to the extent that said claims are speculative in nature.

### Sixteenth Affirmative Defense

Plaintiff and all alleged putative collective members are not entitled to equitable relief insofar as they have an adequate remedy at law.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that the work she performed

falls within exclusions, exceptions, or credits provided for in Applicable Law.

### Eighteenth Affirmative Defense

Defendants have made complete and timely payment of all wages due.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Twenty-first Affirmative Defense

The Complaint should be dismissed as to the individual Defendants because they were not the employer(s) of Plaintiff.

### Twenty-second Affirmative Defense

Each and every purported claim alleged by Plaintiff is barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of an appropriate investigation and discovery.

### DEFENDANTS" PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that the Court enter an Order:

(1) dismissing Plaintiff's Complaint in its entirety, with prejudice;

(2) entering judgment in favor of defendants;

(3) awarding costs of defending this action in favor of Defendants, including reasonable

attorney's fees; and

(4) granting all other legal and equitable relief that this Court deems just and proper.

Date: April 8, 2019
   Orangeburg, NY

        **GREENWALD DOHERTY LLP**

        _/s/ Zev Singer, Esq._
        Zev Singer, Esq.
        Greenwald Doherty LLP
        30 Ramland Road, Suite 201
        Orangeburg, New York 10962
        zs@greenwaldllp.com
        _Attorneys for Defendants_