# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 7, 2019

**VIA ECF**

Hon. Paul Davison

United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

            Re: *Portillo Chacon et al v. CCK Cleaners Inc. et al*
               Case No. 19-cv-00485-PED

Your Honor:

  This office represents Plaintiff Ana Roxana Portillo Chacon ("Plaintiff") in the above-referenced matter. We submit this letter, with the consent of Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants (together with Plaintiffs, the "Settling Parties").

  The Settling Parties have agreed to a negotiated Settlement Agreement concerning any and all federal wage-and-hour claims (the "Agreement") after extensive discussions.[1] The Settling Parties have concluded that the Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreement is attached hereto as **Exhibit A.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreement as fair and reasonable, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and **dismissing all of Plaintiff's FLSA wage-and-hour claims with prejudice, and all of Plaintiff's New York Labor Law claims without prejudice.**

**Background**

---

[1] The Parties have agreed to resolve the NYLL claims in a separate agreement. See Yunda v. SAFI-G, Inc., 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017) ("such a bifurcated settlement agreement is permissible" under Cheeks); Abrar v. 7-Eleven, Inc., 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) ("the parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against [Defendant] for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under Cheeks…the Court approved of this proposed settlement structure"); Santos v. Yellowstone Properties, Inc. et al., 2016 U.S. Dist. LEXIS 61994 (S.D.N.Y. May 10, 2016); Chowdhury v. Brioni America, Inc., 2017 U.S. Dist. LEXIS 196469 (S.D.N.Y. Nov. 29, 2017).

Hon. Paul Davison
October 7, 2019
Page 2 of 5

Plaintiff alleges that she was hired by Defendant and worked as an ironer at their dry cleaning store located in Monsey, NY. Plaintiff alleges that she worked significant overtime during the course of her employment, but was paid a fixed hourly rate of pay that did not account for all overtime hours worked, and for a brief period was less than the minimum wage rate of pay, thus resulting in significant unpaid overtime owed to Plaintiff. Accordingly, Plaintiff brought this action to recover unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the Spread of Hours Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6.

Specifically, Plaintiff was employed by Defendants from approximately March 2014 until on or about December 7, 2018. From approximately March 2014 until on or about November 15, 2018, Plaintiff alleges she worked 71 hours per week, and then 67 hours per week for the last three weeks of her employment. From approximately March 2014 until on or about December 2014, Defendants paid Plaintiff $8.00 per hour. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Portillo $8.75 per hour. From approximately January 2016 until on or about June 2018, Defendants paid Plaintiff Portillo $10.00 per hour. From approximately July 2018 until on or about August 2018, Defendants paid Plaintiff Portillo $11.00 per hour. From approximately September 2018 until on or about December 7, 2018, Defendants paid Plaintiff Portillo $12.50 per hour.

Defendants deny Plaintiff's allegations including, but not limited to, whether Plaintiff actually worked the foregoing hours as alleged. Further, Defendants continue to assert that Defendant paid Plaintiff all monies due and owing, including large amounts of overtime pay, and they maintained detailed employment records covering Plaintiff's period of employ.

After engaging in preliminary discovery and weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**Settlement**

The Settling Parties have agreed to resolve these FLSA wage-and-hour claims for the total sum of $3,500.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges she is entitled to back wages of approximately $50,042.08. Plaintiffs estimate that had she recovered in full for her claims, they would be entitled to approximately $154,612.60, which represents calculated actual damages, penalties, and interest for unpaid wages, but excludes attorneys' fees and costs. The parties have agreed to settle just the FLSA wage-and-hour claims for the sum of $3,500.00.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

Hon. Paul Davison
October 7, 2019
Page 3 of 5

statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* <u>Medley v. Am. Cancer Soc.</u>, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The FLSA agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring the costs or encumbrance of lengthy litigation. Although the settlement amount is significantly less than the amount Plaintiff claims she is owed, Defendants presented seemingly complete time and pay records for Plaintiff's entire employment period that seem to indicate that Plaintiff was paid both minimum wage and numerous overtime hours on a regular basis, and Defendants took the strong position that no money is owed to the plaintiff. Therefore, due to the risks Plaintiff would face at trial and the reasonable chance Defendants could prevail on Plaintiff's FLSA claims at trial, the Three Thousand Five Hundred Dollars ($3,500.00) that Plaintiff will be receiving in the FLSA Agreement is a sufficient and informed compromise. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the wage-and-hour settlement, Plaintiffs' counsel will receive $1,100, less than the amount of their attorneys' fees and costs. This represents a reduction in fees from what is identified in the Plaintiff's retainer agreements, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* <u>Castaneda v. My Belly's Playlist LLC</u>, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* <u>Calle v. Elite Specialty Coatings Plus, Inc.</u>, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* <u>Alleyne v. Time Moving & Storage Inc.</u>, 264 F.R.D. 41, 60 (E.D.N.Y. Jan. 28, 2010).; *see also* <u>McDaniel v. Cnty. of Schenectady</u>, 595 F.3d 411, 417 (2d Cir. 2010). Here, while Plaintiffs' counsel's fee request is to be sure much higher than their lodestar, we submit it is appropriate under these circumstances considering the strong recovery for Plaintiffs. *See* <u>Pinzon v. Jony Food Corp.</u>, No. 18 Civ. 105, 2018 WL 2371737, at *9 (S.D.N.Y. May 24, 2018) (approving a fee resulting in a lodestar multiplier of 5.23, despite that it is "somewhat higher than normally awarded," because "[the] settlement has provided Plaintiff with a substantial and speedy result").

Hon. Paul Davison
October 7, 2019
Page 4 of 5

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are Plaintiffs' amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the wage-and-hour settlement amount based on the approval of his clients. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in Cheeks, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. Accordingly, we respectfully request that the Court approve the Settlement, and enter an Order **dismissing all of Plaintiff's FLSA wage-and-hour claims with prejudice, and all of Plaintiff's New York Labor Law claims without prejudice.**

Thank you for your consideration in this matter.

Respectfully Submitted,

Hon.Paul Davison
October 7, 2019
Page 5 of 5

>                             /s/ Michael Faillace
>                             Michael Faillace, Esq.
>                             Michael Faillace & Associates, P.C.
>                             *Attorneys for Plaintiffs*

cc:     Zev Singer, Esq. (via ECF)

        *Attorneys for Defendants*